WO                                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Lee Weaver, Jr., et al.,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No.  CV 21-00445-PHX-JAT (MTM)<br><br><br>**ORDER** |

On March 15, 2021, Plaintiffs Ernie Lee Weaver, Jr.; Jay Warren Hall; Christopher Neil Loeffler; Travis Penatzer; and Collin Scott Halstead, who are all confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff Weaver also filed an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will sever this action into individual actions and require each Plaintiff to pursue his claims in a separate action.[1]

**I.    Severance of Action in Separate Cases**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20.  However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims.  *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371,

---

[1] After this action has been severed, the Court will conduct statutory screening of Plaintiffs' claims pursuant to 28 U.S.C. § 1915A(a).

1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of pro se multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court.  Plaintiffs are inmates proceeding pro se, and although each Plaintiff may appear on his own behalf, none may appear as an attorney for the others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs.  However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court.  Accordingly, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence.  Moreover, inmates are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket.  Allowing each Plaintiff to proceed separately, however, would overcome the unfairness created by these circumstances.  Therefore, the Court will sever this action into individual cases and a new case number will be assigned to each individual Plaintiff.

A copy of the Complaint and this Order will be placed in each new case.  The rulings in this Order shall apply in each new case.  The individual Plaintiffs must proceed independently from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by

an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

**II.    Warnings**

    **A.    Address Changes**

Each Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Copies**

Each Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.    Possible Dismissal**

If a Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    This case is **severed** into individual actions, one for each Plaintiff. The Clerk of Court **must assign** a new case number to each new individual action.

(2)    The Clerk of Court **must close** this case (CV 21-00445-PHX-JAT (MTM)) and **enter judgment** accordingly.

(3)    The Clerk of Court **must file** a copy of the Complaint (Doc. 1) in each new case and Plaintiff Weaver's Application to Proceed In Forma Pauperis (Doc. 2) in the new case opened on his behalf.

. . . .

. . . .

. . . .

1  (4) The individual Plaintiffs must proceed **independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

Dated this 26th day of March, 2021.

James A. Teilborg
Senior United States District Judge